NOLTE, APPELLEE, *v.* NOLTE, APPELLANT.

[Cite as Nolte v. Nolte (1978), 60 Ohio App. 2d 227.]

(No. 38709—Decided December 7, 1978.)

*Mr. Richard H. Brown,* for appellee.

*Mr. James T. Flaherty,* for appellant.

CORRIGAN, C. J., This is an appeal from the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. On October 19, 1977, the court overruled appellant's motion to strike and granted appellee's motion to modify custody. From these rulings the instant appeal is prosecuted.

Appellant's marriage to appellee was dissolved on March 30, 1976, in an order which awarded custody of the couple's son to appellant, the child's mother. On May 6, 1977, appellee filed with the court a motion to modify custody, alleging that it would be in the child's best interest to live with appellee because the environment of appellant's home was detrimental to the child's physical, mental and emotional health. On May 20, 1977, appellant filed a motion to strike this motion.

On August 24 and 25, 1977, the court held a hearing on these and other motions before a court referee. Appellant has not supplied us with a transcript of this hearing or with a narrative statement of the evidence presented therein, and we, therefore, do not have the facts underlying the referee's recommendations before us. However, that report, filed September 16, 1977, contained the following statements:

"The Court further finds that based upon the evidence presented to this Court, the child's present environment with the defendant-mother endangers significantly his physical health and his emotional development.

"The Court further finds that the defendant-father has suitable facilities and can provide a proper home for the minor child.

"The Court further finds that the minor child, Scott, has good interaction and a good interrelationship with the defendant-father and his wife.

"The Court further finds that based upon the testimony presented that the minor child has adjusted well to his home, school and community while living with the defendant-father.

"The Court further finds that defendant-father and his wife are mentally and physically capable of caring for the minor child and that the mental and physical health of the minor child would be best served by granting custody to the defendant-father.

"The Court further finds that it be to the best interest of the minor child of the parties if defendant-father is granted care, custody and control of the minor child.

"The Court further finds that by reason of the changed conditions and circumstances since the date of the previous order, the same should be modified."

In addition to the above statements, the referee recommended that appellant's motion to strike be overruled. The court signed the referee's report without modification and it was journalized October 19, 1977. From this order, appellant has assigned the following errors:

"1a) It is error of law for a trial judge to accept, adopt, and journalize a report of a referee, with respect to a motion for change of custody, when that report makes no finding of fact to support the conclusions and recommended entry, and where the trial judge makes no independent findings of fact to support the journal entry.

"1b) It is error of law for a trial judge to accept, adopt, and journalize a report of referee which concludes that a custodian-mother shall be divested of her custodial rights, granted by prior agreement and decree, when that report is in violation of the referee's duty to state the reasons therefor, and the mother's right to know the reasons therefor.

"1c) It is error of law for a trial judge to accept, adopt, and journalize a report of a referee which divests a mother of the legal custody of her minor child, granted by a prior agreement and decree, when it makes no findings with respect to the fitness of the mother as a custodian.

"2) When a motion for change of custody of a minor child is governed by statute, ORC § 3109.04 (B) (3), it is error of law for a trial judge to accept, adopt, and journalize a report of a referee that patently bases its conclusions on the wrong law.

"3a) When a petitioner in a motion for change of custody of a minor child is in contempt of the existing and valid court order with respect to custody, and then petitions the court for relief that will in effect approve of the contemptuous act, and further the contemptuous act, it is error of law, contrary to public policy, and a direct assault on the integrity of the court for a trial judge to accept, adopt and journalize the referee report which overruled the motion to strike the contemptuous petition.

"3b) It is in error for a trial judge to accept, adopt, and journalize a report of a referee that overrules a motion to strike, when that referee report makes no findings of facts to support the recommended entry, and when the judge makes no independent findings of facts on his own."

Assignments of Error 1a, 1b, 1c and 2 raise the same issue and are discussed together. The question is whether the referee's statement that "[t]he Court further finds that based upon the evidence presented to this court, the child's present environment with the defendant-mother endangers significantly his physical health and his emotional development" violates this court's interpretation of Civil Rule 53 (E) by offering a legal conclusion without supplying the court with the underlying factual basis for that conclusion.

In *Marino* v. *Marino* unreported, (July 14, 1977), Eighth Appellate District, No. 37173, decided July 14, 1977, this court stated:

"The report of a referee requires at a minimum a statement of the basis of his findings and recommendations in order that the trial court be able to make an independent analysis of the validity of the report before approving it and entering judgment."

Similarly, in *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132, 136, the court commented:

"The report in the instant case, in reality, constituted a judgment which the trial court merely rubber-stamped. While it is not inconsistent with Civ. R. 53 that the referee recommend a proposed judgment to the referring court, it should not be worded as a judgment and it should contain sufficient information from which the judge may render his own decision."

Thus, when a referee's report contains a conclusion regarding an issue in the case, the facts that lead to that conclusion must also be included in the report.

This court previously has admonished the Domestic Relations Division of the Cuyahoga County Court of Common Pleas for its failure to comply with the mandates of Civil Rule 53. † The rulings handed down by this court and other jurisdictions within the state are direct and uncomplicated in pointing out the duties of the trial court and staff in this area. Nevertheless, an examination of the docket in this and other cases reveals that these admonitions have not been heeded.

The root of the problem is the form upon which the referee's report is prepared. The form is four pages; the first page is captioned "Journal Entry" and the second, third and fourth pages are captioned "Recommended Entry." Upon each page appears a line for the referee's signature, but only on the first page is there a space for the signature of the judge.

When the form is completed by the referee, he gives the first page to the judge assigned to the case, files the second page with the court and mails the third and fourth pages to the parties. Upon review of the first page, the trial judge signs the space at the bottom and the court then journalizes the entire page.

There is no question that a referee may assist a trial judge in the preparation of a journal entry. Indeed, in view of the acutely crowded domestic relations docket, the practice is

---

† See, *e.g.*, *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144; *Berry* v. *Berry* (1977), 50 Ohio App. 2d 137; *Finnerty* v. *Finnerty* (unreported, February 2, 1978), Case No. 36966; *Antoniazzi* v. *Antoniazzi* (unreported, December 12, 1977), Case No. 37965; *Graham* v. *Graham* (unreported July 7, 1977), Case No. 36318; *Cerio* v. *Cerio* (unreported, May 12, 1977), Case No. 35869.

laudable, for it permits judges to focus on matters more important than the drafting of routine journal entries.

However, problems arise where the recommended entry form serves the dual purpose of recommending a journal entry and of reporting the referee's findings and conclusions to the trial judge. In this situation, the report must contain not only a recommendation of the court's order but also the facts presented to the referee upon which that order is based. This situation is ripe for the "rubber stamping" abuses condemned in *Logue* v. *Wilson, supra,* and in *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144. As we held in *Eisenberg,* the trial judge may not render judgment unless and until he has independently analyzed the case; he is in no position to make such an analysis unless the referee's report includes a statement of the facts relevant to the issue before the court. *Eisenberg, supra,* at 146. Whenever a referee's report contains a legal conclusion but omits the facts necessary to reach that conclusion, the judgment is voidable. *Eisenberg, supra,* at 151.

In the instant case, the referee concluded that the home environment of the appellant was detrimental to the child, but the referee's report and recommended journal entry contained no facts upon which the trial judge could independently analyze this conclusion. This action denied appellant her right to a fair hearing before a judge because the trial judge rubber-stamped a judgment which, in effect, was rendered by the referee.

Despite our denunciation of the flagrant abuses of Civil Rule 53 by the Domestic Relations Division of the Cuyahoga County Common Pleas Court, this opinion should not be construed as disapproving the proper use of referees. To the contrary, this court believes that the practice of using referees to expedite court business should be encouraged. Nevertheless, we stress that referees serve only in an advisory capacity to the court and have no authority to render final judgments affecting the rights of parties. Allowing the referees of the Domestic Relations Division of the Common Pleas Court to hear cases and occupy the trial bench in regular courtrooms does not confer upon them the powers reserved to the judges.

Appellant has shown that the court failed to comply with Civil Rule 53 and that this failure worked to her prejudice.

Thus, the judgment must be set aside. *Eisenberg* v. *Peyton, supra,* at 152. The first and second assignments of error are well taken.

Appellant's third assignment of error asserts that the court erred by not acting more quickly on appellant's Motion to Strike Appellee's Motion for Change of Custody. In support of this argument, appellant asserts that appellee's Motion for Change of Custody "should have been struck until such time as he purged himself of the contempt."

This argument is defective because it incorrectly assumes that appellee had been found guilty of contempt before the court considered his Motion for Change of Custody. To rule, as appellant seems to suggest, that a court must strike all motions filed by a party simply because the opposing party has alleged that the movant engaged in contemptuous conduct would be imprudent. The third assignment of error is overruled.

Although this case is being reversed and remanded because of the deficiencies of the referee's report, this reversal, by itself, should not be construed as grounds for awarding custody to appellant before the court again rules on appellee's motion to modify custody. The referee's report contained the following conclusions: "The court further finds that the defendant-father has suitable facilities and can provide a proper home for the minor child." However, unlike the referee's conclusion about the effect of appellant's home environment on the child, this conclusion is well supported by facts appearing in the report. We note that appellant has not asserted that the referee's conclusion about appellant's home environment was unsupported by evidence presented at the hearing. Rather, her argument asserts only the procedural defect of the referee's failure to put these facts in his report. Consequently, we rule that it would be in the best interests of the child to allow appellee to retain custody until the court enters a proper order regarding his motion to modify custody. Accordingly, the judgment below is reversed and the case is remanded for further proceedings.

*Judgment reversed
and cause remanded.*

KRENZLER and PATTON, J J., concur.