STAGGS, APPELLEE, *v.* STAGGS, APPELLANT.

(No. 45315—Decided May 12, 1983.)

*Mr. David E. Mack,* for appellee.
*Mr. William P. Lang,* for appellant.

JACKSON, J. The defendant-appellant, Edmon D. Staggs, appeals from an order finding him guilty of contempt for nonpayment of child support and medical bills. The court sentenced him to ten days in the Cleveland House of Corrections. It then suspended the sentence subject to the condition that he continue to pay $57 per week as current support plus $20 per week on the arrearage of $2,332 until the arrearage is paid in full.

The parties were granted a divorce in 1975. Custody of the parties' two minor children was awarded to the appellee, Candy L. Staggs. The appellant was ordered to pay $22.50 weekly for support of each child. In 1980, the court modified this amount to $28.50 weekly per child.

In 1981, the appellee filed a motion to show cause for nonpayment of the child support and medical bills. The appellant filed objections to the referee's report which found him in contempt and recommended the suspended sentence described above. In his objections, the appellant stated the referee had made a clear and substantial error of fact, specifically an error as to the amount earned weekly by appellant which materially affected his ability to comply with the order and that the referee failed to make findings as to the reasonableness and necessity of the medical bills paid by the plaintiff. The court approved and adopted the report of the referee without change.

The appellant filed a timely appeal from this journal entry raising two errors. The appellant contends that the trial court abused its discretion when it adopted the referee's report that he repay the appellee for medical bills because the report did not contain sufficient facts from which the trial court could independently analyze the case. He also argues that the referee's report contained incorrect and insufficient information regarding his salary, and that the court abused its discretion by adopting the report without taking additional evidence.

Regarding the medical bills, the referee's report stated that the bureau of support disclosed medical bills paid by the appellee in the amount of $332 and that the appellant was in default of payment. It included no additional information on these medical bills.

In *Nolte* v. *Nolte* (1978), 60 Ohio App. 2d 227 [14 O.O.3d 215], this court held that:

"[T]he trial judge may not render judgment unless and until he has independently analyzed the case; he is [in] no position to make such an analysis unless the referee's report includes a statement of the facts relevant to the issue before the court." (Citation omitted.) *Id.* at 231.

See, also, *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144 [10 O.O.3d 158].

Recently, the Ohio Supreme Court ad-

dressed the responsibilities of the trial court when reviewing a referee's report. In *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102 the court stated:

"* * * It is the primary duty of the court, and not the referee, to act as a judicial officer. * * *

"* * *

"* * * We therefore hold that, even in the absence of an objection to a referee's report, the trial court has the responsibility to critically review and verify to its own satisfaction the correctness of such a report." *Id.* at 105.[1]

Pursuant to the holding under *Normandy Place Assoc., supra,* it was incumbent on the domestic relations court in the case at bar to make an independent review and analysis of the referee's report. If it had done so, the court would have found the report insufficient under *Nolte* v. *Nolte, supra.* The referee's report did not indicate whether the medical bills were for service rendered to the children of appellant. Furthermore, the report does not indicate whether the medical services were necessary, and whether the medical fees charged were reasonable.

Instead of requesting further information from the referee on the medical bills, the trial court simply adopted the referee's report without change. The court's journal entry is a carbon copy, made from the same impression as the referee's report. A similar practice was condemned in *Nolte* v. *Nolte, supra,* wherein this court stated, at pages 230-231 of that opinion:

"The root of the problem is the form upon which the referee's report is prepared. The form is four pages; the first page is captioned 'Journal Entry' and the second, third and fourth pages are captioned 'Recommended Entry.' Upon each page appears a line for the referee's signature, but only on the first page is there a space for the signature of the judge.

"When the form is completed by the referee, he gives the first page to the judge assigned to the case, files the second page with the court and mails the third and fourth pages to the parties. Upon review of the first page, the trial judge signs the space at the bottom and the court then journalizes the entire page.

"There is no question that a referee may assist a trial judge in the preparation of a journal entry. Indeed, in view of the acutely crowded domestic relations docket, the practice is laudable, for it permits judges to focus on matters more important than the drafting of routine journal entries.

"However, problems arise where the recommended entry form serves the dual purpose of recommending a journal entry and of reporting the referee's findings and conclusions to the trial judge. In this situation, the report must contain not only a recommendation of the court's order but also the facts presented to the referee upon which that order is based. This situation is ripe for the 'rubber stamping' abuses condemned in *Logue* v. *Wilson* [(1975), 45 Ohio App. 2d 132], *supra,* and in *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144 [10 O.O.3d 158]. As we held in *Eisenberg,* the trial judge may not render judgment unless and until he has independently analyzed the case; he is in no position to make such an analysis unless the referee's report includes a statement of the facts relevant to the issue before the court. *Eisenberg, supra,* at 146. Whenever a referee's report contains a legal conclusion but omits the facts necessary to reach that conclusion, the judgment is voidable. *Eisenberg, supra,* at 151."

---

[1] These statements by the court formed part of their rationale for their holding that the filing of objections to a referee's report under Civ. R. 53(E) is not a "prerequisite for appellate review of a finding or recommendation made by a referee and adopted by a trial court." *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, 104.

It is the duty of the domestic relations division of the court of common pleas to examine a report from a referee who has conducted the hearing to verify that it is correct and sufficient. *Normandy Place Assoc.* v. *Beyer, supra.* Since this was not done in the case at bar regarding the medical bills, appellant's contention is well-taken.

As to the alleged error in the referee's report regarding appellant's salary, the appellant's argument is without merit. The referee's report is sufficient on its face in reporting the appellant's salary. Although the appellant challenged the correctness of the report regarding his salary, he did not state his objections with adequate specificity or particularity. Civ. R. 53(E)(2). He made no effort to provide the court with the actual amount of his salary. He simply stated the referee's report had listed his salary incorrectly. *Normandy Place Assoc., supra,* was not intended to present a party with a delaying tactic. Thus, unless the report is insufficient or incorrect on its face, merely pleading a referee's report is incorrect does not require the trial court to take further action.

Moreover, since appellant failed to submit to this court of appeals either a transcript of the proceedings or a statement of the evidence, this court is unable to determine whether the findings of the referee are against the weight of the evidence. Therefore, this assignment of error must be overruled for failure to demonstrate error. *Crestmont Leasing Co.* v. *Hines* (Oct. 9, 1980), Cuyahoga App. No. 41796, unreported. This assignment of error is not well-taken.

The judgment is affirmed in part and reversed in part, and the cause is remanded to the domestic relations court for further proceedings consistent with the foregoing opinion.

*Judgment affirmed in part,*
*reversed in part and cause*
*remanded.*

CORRIGAN, P.J., and DONOFRIO, J., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.