IN RE ESTATE OF FISHER, DECEASED

(No. CA-131—Decided
October 17, 1983.)

Messrs. *Tracy & Long,* Mr. *John B. Tracy* and Mr. *Patrick D. Long,* for appellee.
Mr. *John A. Crist* and Mr. *Lance Weinrich,* for appellant.

*Per Curiam.* This cause came to be heard upon an appeal from the Court of Common Pleas of Warren County.

This case originated from a claim filed by claimant-appellant, Shirley Chamberlain, against the Estate of John J. Fisher. Fisher died on February 2, 1982. On March 3, 1982, Fisher's will was admitted to probate by the Warren County Probate Court. On that same date, Mary Jane O'Donnell, the niece of the decedent, was named as executrix of Fisher's estate. After making two specific bequests of cash to religious organizations, Fisher's will left the balance of his estate to O'Donnell.

On June 4, 1982, appellant filed her claim with O'Donnell in the amount of $424,000. The claim was based on an alleged agreement between decedent and appellant, the terms of which provided that appellant would terminate her employment with Armco, Inc. and care for decedent in exchange for Fisher's agreement to provide and maintain appellant's income and benefits at the level she received while employed by Armco. O'Donnell, acting in her capacity as executrix of Fisher's estate, rejected the claim as being untimely filed.

Appellant filed an application to determine a timely claim or, in the alternative, to authorize the presentation of a claim; a hearing was held on August 5, 1982. At the hearing, appellant stipulated that she had notice of the decedent's death within three months of the entry admitting the will to probate and the appointment of the executrix. The referee found, however, that the official court record did not reflect that the claim was presented on June 4, 1982. The referee recommended that the parties enter a stipulation as to the date when the claim was presented so that the court could rule on the timeliness of the presentation of the claim. The parties filed the requested stipulation on August 12, 1982, in which they agreed that "the fiduciary herein was appointed March 3, 1982, and that the applicant presented her claim to the fiduciary June 4, 1982."

A second hearing on the matter was held and the referee submitted his report on August 24, 1982. After making reference to the stipulation of fact filed on August 12, the referee found that the claim was statutorily required to be filed within three months after the date of appointment of the executor or administrator. He further found that "[t]he court's interpretation of three months is that the claim shall be filed in that instance on or before June 3, 1982. Accordingly, the Court finds that the claim was not timely filed and that the application to present the claim is denied."

Appellant filed objections to the referee's report and the court conducted a hearing at which it overruled appellant's objections and adopted the referee's report. A notice of appeal was filed and appellant has presented the following assignments of error:

First Assignment of Error:

"The trial court erred to the prejudice of the appellant when it found that appellant's claim was not timely filed."

Second Assignment of Error:

"The trial court erred to the prejudice of the appellant when it overruled appellant's objections to the report of the referee."

In her first assignment of error, appellant contends that her claim against Fisher's estate was timely presented as required by statute. The presentation and

allowance of creditors' claims against estates is governed by R.C. 2117.06 which in part provides that:

"All creditors having claims against an estate shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented *within three months after the date of the appointment* of the executor or administrator * * *." (Emphasis added.)

Adherence to the statutory requirement that claims against an estate be presented within the prescribed time is mandatory. *Prudential Ins. Co.* v. *Joyce Building Realty Co.* (1944), 143 Ohio St. 564 [20 O.O. 480], paragraph two of the syllabus; *Robinson* v. *Engle* (1953), 96 Ohio App. 238, 241 [54 O.O. 278]. In addition, where a claimant has actual notice of the decedent's death within sufficient time to present his or her claim, the requirement is likewise applicable and the claimant is not permitted to submit a claim after the statutory period expires. *In re Estate of Young* (1963), 174 Ohio St. 516, 517 [23 O.O.2d 149].

R.C. 2117.06 requires that claims against an estate be presented within three months of the date of appointment of the personal representative. The stipulation entered into by the parties clearly indicates that the "date" of O'Donnell's appointment as executrix was March 3, 1982. Thus, the claim must be presented within three months of March 3, 1982. R.C. 1.45 sets forth the formula to be used for computing a period of time in terms of months. R.C. 1.45 provides:

"If a number of months is to be computed by counting the months *from a particular day,* the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month." (Emphasis added.)

We can find no authority which construes or interprets the phrase "a particular day" as used in R.C. 1.45. Reading this section of the Revised Code in conjunction with R.C. 2117.06, we hold that the "particular day" referred to in R.C. 1.45 is equivalent to the day or date of the appointment of an executor as provided for in R.C. 2117.06. Thus, in the case at bar, the particular day from which the three-month period of R.C. 2117.06 is to be computed is March 3, 1982. By having filed her claim on June 4, appellant failed to timely file her claim within the permissible statutory period which expired on June 3, 1982. We therefore overrule appellant's first assignment of error.

Appellant, in her second assignment of error, urges us to find that the referee's report contained insufficient facts from which the court could make an independent analysis of the matter prior to passing judgment. Appellant has cited *Nolte* v. *Nolte* (1978), 60 Ohio App.2d 227 [14 O.O.3d 215], and *Woodward* v. *Woodward* (Sept. 9, 1981), Warren App. No. 404, unreported, in support of the proposition that a trial judge may not render judgment based on a referee's report unless that report included a statement of the facts relevant to the issue before the court. For the reasons stated below, we do not find those cases to be dispositive of the issue before us.

In both *Woodward* and *Nolte,* the trial judge rendered judgment on the basis of referee reports which did not contain a statement of the operative facts. In *Woodward, supra,* the trial judge had no transcript of the proceeding before the referee because the tape of the proceeding was inaudible. In *Nolte, supra,* the court was not supplied with a transcript or a narrative statement of the evidence presented to the referee. In both cases, the trial court was limited to the contents of the referee's report and was effectively precluded from making an independent analysis of the referee's report.

These cases are not similar to the

situation presented by the case at bar. In his first report, the referee stated that, although the attorneys agreed as to the date when presentation of the claim was made, there was nothing in the official court record to reflect that fact. The referee concluded that the official probate record prohibited the court from making a decision on the issue of the timeliness of the presentation of the claim. As a result, he recommended that the parties enter a stipulation as to the date when the claim was presented.

The parties entered a stipulation of fact, stating both when the executrix was appointed and when the claim was presented, and filed the stipulation on August 12. In his second report, the referee, while not reciting the contents verbatim, referred to the August 12 stipulation. Based on that, the referee concluded that in order for the claim to be presented within the three-month period allocated by R.C. 2117.06, the claim had to be filed on or before June 3, 1982. Since the parties' stipulation provided that the claim was filed on June 4, the referee concluded that the claim was not timely filed.

The facts contained in the parties' stipulation were the facts necessary to determine the timeliness of the presentation of the claim. Those facts were part of the court record and that record was available for the trial court's analysis and review when it entered judgment on the matter. We conclude that where the referee's report contains a reference to facts which are part of the official court record, there is a sufficient statement of an underlying factual basis from which the trial court can independently analyze the report and conclusion of the referee. Accordingly, appellant's second assignment of error is hereby overruled.

All assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

KOEHLER, J., dissents.

KOEHLER, J., dissenting. The date of the appointment was March 3, 1982. The three-month period within which a creditor must file a claim as provided by R.C. 2117.06 must necessarily begin on March 4, 1982 if it is to begin *after* the date of the appointment. The majority correctly applies the formula set forth in R.C. 1.45 for computing a period of time in terms of months. The court, however, erroneously selects a "particular day" as the day of the appointment rather than a "particular day" *after* the date of appointment.

The appellant properly and timely filed her claim on June 4, within three months *after* the date of the appointment, and this cause should be remanded.