OPINION
Kenneth J. Ross appeals from an order of the trial court denying his motion for early release, pursuant to R.C. 2151.38(C). Ross argues that the trial court erred when it concluded that it had lost jurisdiction to consider his motion because the motion was not timely filed. We conclude that the order in this case cannot fairly be distinguished from the order in State v. Coffman (2001), 91 Ohio St.3d 125, which the Ohio Supreme Court held not to be an appealable order. Therefore, we reluctantly follow the holding in State v. Coffman, supra, and dismiss the appeal.
 I
In February 2000, Ross was adjudicated to be a delinquent, by reason of having committed an act that, if committed by an adult, would constitute Rape. It appears that the trial court, on April 4, 2000, in open court, committed Ross to the Department of Youth Services for a minimum term of twelve months, up to a maximum term of Ross's attainment of the age of twenty-one. The order of commitment was journalized the next day, on April 5, 2000. According to the State's brief, Ross was actually delivered into the hands of the Department of Youth Services on April 7, 2000, having been in detention before then.
On April 4, 2001, Ross filed a motion for early release, pursuant to R.C. 2151.38(C). The trial court denied this motion, determining that it had lost jurisdiction when Ross's minimum commitment term expired on April 3, 2001. From this order, Ross appeals.
 II
Ross's sole assignment of error is as follows:
 THE TRIAL COURT MISCALCULATED THE TIME PERIOD OF APPELLANT'S MINIMUM COMMITMENT, AND SO THE COURT ERRED WHEN IT CONCLUDED THAT IT LACKED JURISDICTION TO ENTERTAIN THE MOTION FOR EARLY RELEASE.
Pursuant to R.C. 2151.38(C), a juvenile adjudicated as a delinquent, who has been committed, may request early release from the trial court. However, the committed juvenile may not make that request until after the first half of his prescribed term of commitment has expired, and must make the request before the expiration of the required minimum period of institutionalization. The trial court found that the time within which Ross was required to file his request for early release, pursuant to R.C. 2151.38(C)(1), expired on April 3, 2001, so that his request filed on April 4, 2001, was untimely, and the trial court had lost jurisdiction to consider the request.
Ross makes two alternative arguments in support of his assignment of error. He argues that the time did not begin to run until April 5, 2000, when the journal entry committing him was filed, so that the minimum commitment term of one year did not expire until April 4, 2001. One problem we can see with this argument is that if there were an inadvertent failure to journalize a delinquent's commitment promptly, the juvenile would, pursuant to this argument, be precluded from seeking early release until the appropriate time (half of the prescribed minimum term of commitment) had run from the journalization of the commitment. This would unfairly penalize a committed delinquent where the journalization of the commitment order had, through no fault of the juvenile delinquent, been delayed.
Alternatively, Ross argues that R.C. 1.45 applies. R.C. 1.45 provides, in its entirety as follows:
 If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.
It has been held that the date of the event triggering the running of a period of time within which to do some act is the "particular day" referred to in R.C. 1.45. In re Estate of Fisher (1983),12 Ohio App.3d 150. In that case, the appointment of a fiduciary triggered a requirement that a claim against the estate be filed within three months. Applying R.C. 1.45, the court of appeals in that case held that the day of the third month by which the filing of the claim had to be performed was the same day of the month as the day that the fiduciary was appointed.
In the case before us, if R.C. 1.45 is applied, then, even if Ross's commitment is deemed to have occurred on April 4, 2000, April 4, 2001 would be the last day upon which he would be permitted to file a request for early release, and his filing on that day would, therefore, have been timely.
It is an interesting conundrum whether R.C. 1.45, providing for the proper method for computing time, or Juv. R. 18(A), applies. Juv.R. 18(A) purports to apply to periods of time prescribed or allowed "by any applicable statute."
We find it unnecessary to resolve either of these interesting questions, because we conclude that we are without jurisdiction to entertain Ross's appeal. In State v. Coffman, supra, the Ohio Supreme Court held that a convicted criminal defendant has no substantial right to shock probation, so that the denial of his motion for shock probation is not an appealable order. The Supreme Court based this conclusion upon the "plenary discretion" of the trial court in deciding whether to grant motions for shock probation. Id., at 127. Therefore, the Supreme Court reasoned, a convicted criminal defendant has no substantial right to shock probation, and an order denying his motion for shock probation does not constitute "an order that affects a substantial right made in a special proceeding," and is not an order that may be reviewed on appeal, pursuant to R.C. 2505.02(B)(2).
In reaching this conclusion, the Supreme Court concluded that "the determination of the shock probation motion is a `special proceeding' inasmuch as shock probation was a purely statutory creation and was unavailable at common law." Id., at 127. We assume that early release is also a purely statutory creation, and was unavailable at common law. Even if this assumption is unfounded, however, a request for early release is "a summary application in an action after judgment," and an order made upon a summary application made after judgment likewise has to affect a substantial right to be an appealable order pursuant to R.C.2505.02(B)(2).
We conclude that the case before us cannot fairly be distinguished from State v. Coffman, supra. Because Ross had no substantial right to early release, the trial court's order denying that request is not an order affecting a substantial right made either in a special proceeding, or upon a summary application in the action after judgment. Therefore, it is not an appealable order, and Ross's appeal must be dismissed.
We invite the Ohio Supreme Court to revisit this issue. The result in the case before us illustrates what we see to be the fallacy in the holding in State v. Coffman, supra. Although Ross, like the defendant in Coffman, has no substantial right in any particular result of the trial court's exercise of its discretion, he has the right to have that discretion exercised, free of prejudicial legal error, in the determination whether he will be released from incarceration, a matter of great importance to him. Because of the substantial discretion reposed in the trial court in deciding a request for early release, it may, in most cases, be difficult to show prejudice resulting from a legal error. However, a trial court's erroneous conclusion that it lacks jurisdiction to exercise that discretion demonstrates prejudice.
Because we are bound to follow the holding in State v. Coffman, supra, which we cannot fairly distinguish from the case before us, Ross's appeal is Dismissed.
GRADY and YOUNG, JJ., concur.