[Cite as *In re I.L.J.*, 2016-Ohio-7052.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104272

---

## IN RE: I.L.J.

## A Minor Child

[Appeal By S.M., Mother]

---

## JUDGMENT:
### VACATED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 14704092

**BEFORE:** Blackmon, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 29, 2016

**ATTORNEY FOR APPELLANT**

Michael B. Telep
4438 Pearl Road
Cleveland, Ohio 44109

**ATTORNEYS FOR APPELLEES**

**For Father**

Robert C. Aldridge
Law Offices of Richard W. Landoll
9 Corporation Center
Broadview Heights, Ohio 44147

**For DJFS-OCSS**

Timothy J. McGinty
Cuyahoga County Prosecutor

Joseph C. Young
Assistant Prosecutor
3955 Euclid Avenue, Room 305-E
P.O. Box 93894
Cleveland, Ohio 44115

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant S.M. ("mother") appeals from the juvenile court's modification of child support and assigns the following four errors for our review:

I. The trial court erred when it failed to grant a motion to dismiss a motion to vacate an administrative child support order, where movant for vacation failed to state a claim upon which relief could be granted under R.C. 3119.961.

II. The trial court erred when it failed to grant a motion to dismiss a motion to vacate an administrative child support order, where movant for vacation failed to state a claim upon which relief could be granted under Civ.R. 60(B).

III. The trial court erred and abused its discretion when it retroactively modified an administrative child support order beyond the filing date, without stating a reason.

IV. The trial court erred and abused its discretion in overruling objections and adopting magistrate decisions devoid of facts or evidence, thereby failing to undertake an independent review as to the objected matters as required under Civ.R. 53(D)(4)(d).

{¶2} Having reviewed the record and relevant facts, we vacate the trial court's decision. The apposite facts follow.

{¶3} I.L.J. (d.o.b. 10-15-2010) is the child of S.M. and appellee T.J. ("the father"). In March 2011, the Cuyahoga County Job and Family Services, Office of Child

Support Services ("CJFS-OCSS")[1] determined that the father was obligated to pay child support in the amount of $373 per month. The child received health insurance through Medicaid. However, the father was ordered to pay supplemental medical support to pay for uncovered medical expenses.

{¶4} In August 2012, the mother filed for administrative modification of the child support. At the end of November 2012, CJFS-OCSS ordered that the father's supplemental medical support be increased by twenty dollars per month effective November 1, 2012. In December 2012, the mother requested an administrative hearing because the November 2012 order failed to include daycare expenses, which were not considered as part of the mother's prior motion. An administrative hearing was conducted on the matter on January 28, 2013. As a result of the hearing, the administrative officer issued an order on February 4, 2013, adding daycare expenses. No issue regarding the parties' income was raised at the January 28, 2013 hearing.

{¶5} On March 31, 2014, the father requested that the juvenile court adopt the February 4, 2013 administrative child support order so that he could request a modification of the administrative order. On August 4, 2014, he filed a motion to vacate the February 4, 2013 administrative order and subsequently on January 1, 2015, he filed an amended motion to vacate the administrative order. He contended that during the discovery process in a related custody case, he discovered that the mother failed to disclose at the January 28, 2013 hearing that her income had increased and that the

---

[1]CJFS-OCSS also filed a brief as an appellee, but argues in favor of reversal.

mother also intentionally withheld information regarding the costs of her private health insurance that was available as coverage for the child.

{¶6} The father also filed a motion for contempt and attorney fees based on his contention that the mother purposefully concealed the fact she had private health insurance available to her for the child during the time he was ordered to supplement Medicaid with cash payments.

{¶7} The mother opposed the father's motion to vacate and filed a motion to modify the child support arguing that the income of both parties had changed. She also filed a motion for contempt based on the father's refusal to pay for medical expenses that were not covered by medical insurance.

{¶8} The CJFS-OCSS filed a motion to dismiss the father's amended motion to vacate based on the fact that a Civ.R. 60(B) could not be used to vacate an administrative order and that R.C. 3119.961 upon which the father was relying as grounds for vacating the administrative order was only available when a father was disputing paternity.[2]

{¶9} On August 21, 2015, nearly six months after the hearing, the magistrate ruled on all of the pending motions. The magistrate denied the parties' motions for contempt. The magistrate granted the father's amended motion to vacate the administrative child support order and vacated the February 4, 2013 administrative order and entered a new child support order, effective November 1, 2012, for the father to pay

---

[2]The trial court never ruled on the motion to dismiss, but by granting the father's motion to vacate, the motion was implicitly denied because it was rendered moot.

$398.71 per month plus 2% fee when health insurance is provided, and $444.00 per month plus 2% fee when health insurance is not provided. The magistrate also granted a separate motion to modify support and increased the father's child support order obligation to $613.59 per month, including 2% fee, and that "it would be equitable to start the increase retroactive to February 23, 2015."

{¶10} On September 2, 2015, the mother filed a motion for a transcript, which the trial court granted on September 9, 2015. While waiting for the transcript to be transcribed, the mother filed objections reiterating the arguments raised by CJFS-OCSS in its motion to dismiss. The mother also argued against the magistrate's modification.

{¶11} On September 3, 2015, the father filed his objections to the magistrate's decision denying his motions for contempt and attorney fees.

{¶12} On September 8, 2015, the trial court adopted the magistrate's August 21, 2015 decision vacating the administrative order and issuing a new child support order retroactive to November 1, 2012, but made no ruling regarding the parties' objections. In a separate journal entry of the same date, the trial court also adopted the magistrate's decision modifying the support to increase child support retroactive to February 23, 2015. Again, the trial court made no ruling on the parties' objections. The trial court also denied the parties' contempt motions without ruling on their objections.

{¶13} On October 2, 2015, the mother filed supplemental objections based on the transcript. She also raised the objections she raised in her previously filed objections because the trial court had not yet ruled on them. On October 30, 2015, the trial court

referred to the mother's "supplemental objections" but then it discussed the mother's motions for contempt and found that her motions for contempt were denied.

{¶14} On November 4, 2015, the trial court overruled the father's objections to the magistrate's denial of his motions for contempt.

{¶15} On November 6, 2015, the mother filed a motion for clarification because it was unclear whether the trial court ruled on her supplemental objections to the magistrate's vacating the administrative order. On February 24, 2016, the trial court issued an order that it overruled all of the objections that were filed.

## Untimely Appeal

{¶16} At the outset, we address the father's contention that the mother's appeal was untimely filed. The father argues that the mother's motion requesting clarification that was filed on November 6, 2015, supplemented on December 1, 2015, and ruled upon by the trial court on February 23, 2016, did not toll the time to file the appeal from the trial court's judgment.

{¶17} This court in *Meluch v. O'Brien*, 8th Dist. Cuyahoga Nos. 89008 and 89626, 2007-Ohio-6633, ¶ 14, held that a motion for clarification does not toll the time for appeal. However, in the instant case, the clarification was filed in order to bring to the trial court's attention that it had failed to rule on the mother's supplemental objections to the magistrate's report. Although in its October 30, 2015 judgment entry the trial court stated that it had ruled on the supplemental objections, in the findings section, it refers to the mother's contention that the father was not complying with his obligation to pay the

out-of-pocket medical expenses. Although the mother did object to the magistrate's denial of her contempt motion, she also objected to the magistrate's vacating and modification of the administrative child support order. The trial court made no reference to the mother's objections regarding the administrative order. As this court has held:

> Under Juv.R. 40(D)(4)(d), a trial court "shall rule" on any timely filed objections to a magistrate's decision. Where a trial court fails to rule on timely objections, there is no final, appealable order. *In re B.W.*, 8th Dist. Cuyahoga Nos. 96550 and 96551, 2011-Ohio-4513, ¶ 8, citing *Peric v. Buccilli*, 8th Dist. Cuyahoga No. 80805, 2002-Ohio-6234, ¶ 8. As stated by one court, "[w]hen a trial court enters judgment on a magistrate's decision, but fails to explicitly rule on a party's objections, that judgment does not constitute a final, appealable order because it does not fully determine the action." *In re Strickler*, 9th Dist. Lorain No. 09CA009692, 2010-Ohio-2277, ¶ 5.

*In re D.C.*, 8th Dist. Cuyahoga Nos. 102614 and 102631, 2015-Ohio-3038, ¶ 15.

{¶18} Until the court ruled on all of the mother's objections, there was no final appealable order. It was not until the trial court issued its clarification order stating that it ruled on all of the objections that the order became final.

### Court's Adoption of Magistrate's Report

{¶19} We will address the mother's fourth assigned error first, because it raises the question whether the trial court's judgment is a final appealable order. The mother argues that the trial court's judgment entry adopting the magistrate's decision and overruling her supplemental objections did not explicitly refer to the transcript or reference her arguments against the vacating of the administrative order or the retroactive modification of child support. She, therefore, contends the trial court failed to independently review the matter as required by Civ.R. 53(D)(4)(e).

{¶20} Civ.R. 53(D)(4)(e) states that "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order." We have interpreted this rule to require the court to do more than merely "adopt" a magistrate's decision — the court, separate and apart from the magistrate's decision, "must grant relief on the issues originally submitted to the court." *Flagstar Bank, FSB v. Moore*, 8th Dist. Cuyahoga No. 91145, 2008-Ohio-6163, ¶ 1. An order that does nothing more than affirm a magistrate's decision without separately setting forth a judgment on the issues submitted to the court is not a final, appealable order. *See In re Zinni*, 8th Dist. Cuyahoga No. 89599, 2008-Ohio-581, ¶ 19-20; *In re R.C.*, 8th Dist. Cuyahoga No. 94885, 2010-Ohio-4690, ¶ 2.

{¶21} This court in *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 94456, 2011-Ohio-2255, ¶ 9, explained the trial court's obligation as follows:

> Under Civ.R. 53(D)(4)(d), a trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "The trial court must conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case." *Inman v. Inman* (1995), 101 Ohio App.3d 115, 655 N.E.2d 199. *See also, Roach v. Roach* (1992), 79 Ohio App.3d 194, 607 N.E.2d 35; *Chlopecki v. Chlopecki* (Apr. 16, 1998), Cuyahoga App. No. 71847, 1998 Ohio App. LEXIS 1620. Sally argues the trial court adopted the Magistrate's decision sixteen days after she filed her objections, the trial court appeared to cut and paste the first page of the Magistrate's decision, and did not explain why it adopted the decision or overruled her objections.
>
> Decisions that have condemned "rubber stamping" have involved situations such as the use of a single document to serve as both the report of the magistrate and the trial court's journal entry or the trial court's failure to

expressly rule on a party's objections to the magistrate's report. *Nelson v. Nelson* (May 28, 1992), Cuyahoga App. No. 60824, 1992 Ohio App. LEXIS 2740, citing *Haag v. Haag* (1983), 9 Ohio App.3d 169, 9 Ohio B. 235, 458 N.E.2d 1297 at paragraph two of the syllabus; *see also*, *Staggs v. Staggs* (1983), 9 Ohio App.3d 109, 9 Ohio B. 171, 458 N.E.2d 904; *Nolte v. Nolte* (1978), 60 Ohio App.2d 227, 396 N.E.2d 807.

**{¶22}** In the instant case, the trial court adopted the magistrate's report and included a decision granting relief in it's original order and in its order clarifying its ruling, the trial court stated   in pertinent part:

> To clarify the order, the court reviewed [mother's] objection as well as her supplemental objection and all of the decisions the magistrate issued on August 21, 2015.   The court, therefore, overrules [mother's] objection as it pertains to all four magistrate's decisions of August 21, 2015.   Further pursuant to Juv.R. 40(D)(4)(e) and Civ.R. 53(D)(4)(c), the Court affirms, approves and adoptions [sic] all four magistrate decisions issued on August 21, 2015.

**{¶23}** We conclude this, along with the trial court's original journal entry adopting the magistrate's decision, is sufficient to show that the trial court independently reviewed the matter and ruled on all pending objections.   The mother's fourth assigned error is overruled.

### Trial Court's Denial of Mother's Dismissal Motion

**{¶24}** We will address the mother's first and second assigned errors together as they both concern the mother's argument that the trial court erred by denying the motion to dismiss the father's motion to vacate the administrative child support order.

**{¶25}** The mother argues that the father's reliance on R.C. 3119.962 in filing his motion to vacate was misplaced because the statute only applies when there is a dispute regarding a father's paternity. We agree. R.C. 3119.961 provides as follows:

> **Motion for relief from paternity determination or support order**.
>
> (A) Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or *administrative determination or order* that determines that the person or a male minor referred to in division (B) of section 3109.19 of the Revised Code *is the father of a child or from a child support order* under which the person or male minor is the obligor.

**{¶26}** The father interprets the above clause "or from a child support order" to mean that pursuant to R.C. 3119.961, a motion for relief from judgment can be filed from an administrative order regarding child support in the courts. However, we agree with the mother that the relief under R.C. 3119.961 is limited to disputes where paternity is at issue. R.C. 3119.962 sets forth the conditions for granting the relief under R.C. 3119.961. All of the conditions under R.C. 3119.962(A) concern paternity issues. R.C. 3119.962(A) provides as follows:

> (A)_(1)__Upon the filing of a motion for relief under section 3119.961 of the Revised Code, a court shall grant relief from a final judgment, court order, or administrative determination or order that determines that a person or male minor is the father of a child or from a child support order under which a person or male minor is the obligor if all of the following apply:
>
> (a)__The court receives genetic test results from a genetic test administered no more than six months prior to the filing of the motion for relief that finds

that there is a zero percent probability that the person or male minor is the father of the child.

(b)___The person or male minor has not adopted the child.

(c)___The child was not conceived as a result of artificial insemination in compliance with sections 3111.88 to 3111.96 of the Revised Code.

{¶27} Thus, R.C. 3119.961 is not relevant in the instant case where paternity is not at issue.

{¶28} Parents are not left without any redress, however, because R.C.  3111.84[3] provides the procedure for filing objections to an administrative order as follows:

> The mother or father of a child who is the subject of an administrative support order may object to the order by bringing an action for the payment of support and provision for the child's health care under section 2151.231 of the Revised Code in the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the child support enforcement agency that employs the administrative officer is located. The action shall be brought not later than thirty days after the date of the issuance of the administrative support order. If neither the mother nor the father brings an action for the payment of support and provision for the child's health care within that thirty-day period, the administrative support order is final and enforceable by a court and may be modified only as provided in Chapters 3119., 3121., and 3123. of the Revised Code.

{¶29} Unfortunately, the order that the father is objecting to was filed on February 4, 2013.   He did not file his motion for modification until March 31, 2014, and motion to vacate until August 4, 2014, which are both well beyond the 30-day time limit.  *See In re J-L.H.*, 8th Dist. Cuyahoga No. 100469, 2014-Ohio-1245 (child support order was final

---

[3] Ohio Adm. Code 5101:12-45-05.3(C) provides the identical language and refers to R.C. 3111.84.

and enforceable because father did not contest administrative order until more than 30 days after the order was issued); *Jefferson Cty. Child Support Enforcement Agency v. Harris*, 7th Dist. Jefferson No. 02 JE 22, 2003 Ohio App. LEXIS 496 (Jan. 29, 2003) (father failed to file an objection or appeal of administrative child support order within 30 days of issuance of the order; therefore, the order is final and enforceable.)

**{¶30}** The father's Civ.R. 60(B) motion cannot provide an alternative to the procedure outlined in R.C. 3111.84 because Civ.R. 60(B) does not apply to administrative orders. *See Griffin v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 11AP-1126 , 2012-Ohio-3655, ¶ 6. "Civ.R. 60(B) enables a party to request relief from a final judgment entered by a state court in limited circumstances * * *." *State ex rel. Loyd v. Lovelady*, 108 Ohio St.3d 86, 2006-Ohio-161, 840 N.E.2d 1062, ¶ 6.

**{¶31}** Our review of the record shows that the administrative order was never adopted as a court order even though the father filed a motion requesting that the trial court adopt the agency's order. The father stated in his original complaint: "That there has been a change in circumstances and it is necessary that the court adopt the Administrative Order in order for Father/Obligor to seek a modification[.]" Complaint, March 31, 2014, ¶ 4. Thus, the father was aware that the court had to adopt the order in order to invoke the jurisdiction of the court.

**{¶32}** CSEA filed a motion to dismiss the father's amended motion to vacate the administrative order based on the fact that the court did not have jurisdiction to vacate an administrative order. The mother also raised the issue in her objections to the

magistrate's report. Despite being alerted to the necessity of adopting the order to properly obtain jurisdiction over the matter before entertaining the Civ.R. 60(B) motion, the trial court failed to do so. By not adopting the administrative order, the trial court was without jurisdiction to grant the father's Civ.R. 60(B) motion.

{¶33} Accordingly, the mother's first and second assigned errors are sustained. The mother's third assigned error is moot and need not be addressed. App.R. 12(A)(1)(c).

{¶34} Judgment vacated.

It is ordered that appellant recover from appellee her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Juvenile Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR