This is an appeal from a judgment entered by the Portsmouth Municipal Court, Small Claims Division, awarding Jeffrey D. Fetters, plaintiff below and appellee herein, a $1,211.56 judgment. Dave Penn, defendant below and appellant herein, filed a timely notice of appeal and assigns the following error for our review:
 "JUDGE RICHARD T. SCHISLER DID COMMIT ERROR BY DENYING APPELLANT'S "OBJECTIONS TO REPORT" BROUGHT TIMELY PURSUANT TO OHIO CIVIL RULE 53(E)2, AND FURTHER BY DENYING ANY REVIEW OR FURTHER ADJUDICATION OF THE MATTER BY REFERRING TO A NONEXISTENT AGREEMENT. THIS ACTION PREJUDICES APPELLANT BY DENYING A SUBSTANTIVE RIGHT."
On August 28, 1997, appellee filed a complaint asserting that appellant owed appellee $1,938.38 in damages arising from appellant's "failure to properly perform work on my [appellee's] pool." After holding an evidentiary hearing on October 17, 1997, the magistrate granted to appellee a $1,938.38 judgment. Appellant filed objections to the magistrate's decision and the trial court overruled appellant's objections. On November 25, 1997, appellant filed a motion requesting, inter alia, a new trial. On November 26, 1997, the trial court overruled appellant's motion. On July 8, 1998, appellant again filed a motion for a new trial. The trial court, on the same day, granted appellant's motion. A different magistrate then conducted an evidentiary hearing in this matter. We note that appellant was represented by counsel during the second evidentiary hearing.
On March 11, 1998, the second magistrate issued a decision which contained numerous findings of fact. The magistrate recommended the court grant to appellee a $1,211.56 judgment. The trial court followed the magistrate's recommendation and entered judgment in appellee's favor.
On March 25, 1998, appellant filed detailed objections to the magistrate's decision. In his memorandum in support of his objections, appellant asserted that many of the magistrate's factual findings and conclusions were erroneous. Appellant further asserted that the testimony and evidence adduced at the hearing supported appellant's position.
On March 26, 1998, the trial court issued a judgment entry overruling appellant's objections to the magistrate's decision. The trial court's judgment entry provides in full:
 "This matter came before the Court upon the objection to the report of the Magistrate which was filed on March 11, 1998. For the following reasons, the objection is OVERRULED.
 First, the Magistrate listened to all to (sic) the evidence, took extensive notes which are in the file, and wrote a definitive decision. The defendant may not agree with the findings, but he has offered the Court absolutely no basis for a rejection or modification of the decision.
 Secondly, prior to the case being referred back to the Magistrate for a re-hearing, counsel for defendant stated to the Court that he would abide with whatever decision was reached by the Magistrate.
OBJECTION OVERRULED."
In his sole assignment of error, appellant takes issue with the statement in the trial court's judgment entry that notes that appellant "would abide with whatever decision was reached by the Magistrate." Appellant contends that no such "agreement" existed and that this portion of the judgment entry denies appellant his "constitutional right to an appeal an adverse decision." Appellant further asserts that: (1) "if such an agreement * * * ever existed, it is not part of the record"; and (2) "under penalty of perjury he [appellant] did not consider or enter into such an agreement."
While we agree with appellant that generally a court cannot preclude or prevent a party from pursuing an appeal of an adverse judgment, our review of the record in the casesub judice reveals that the trial court did not enter its judgment solely on the basis of some alleged agreement that appellant would not pursue an appeal in this matter. To the contrary, the primary factor set forth in the trial court's judgment entry is that the decision and judgment is amply supported by the weight of the evidence. We note, however, that appellant did not provide either the trial court or this court with a transcript of the evidentiary hearing conducted below.
If a party fails to provide the trial court with a transcript that demonstrates the alleged errors contained within a magistrate's decision, the trial court may properly adopt the magistrate's factual findings. See Purpura v. Purpura (1986),33 Ohio App.3d 237, 515 N.E.2d 27; Staggs v. Staggs (1983),9 Ohio App.3d 109, 458 N.E.2d 904; Steiner v. Steiner (May 4, 1994), Ross App. No. 1950. Civ.R. 53(E)(3)(b). Moreover, in the absence of an adequate record, an appellate court must presume the validity of the trial court's judgment. See Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237;Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112,463 N.E.2d 417; Steiner, supra. The duty to provide a transcript for appellate review falls upon appellant and when portions of the transcript necessary for resolution of assigned errors are omitted, the court has nothing to pass upon and must presume the validity of the lower court's proceedings. See App. R. 9(B); Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 843.
Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court, Small Claims Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: ______________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.