[Cite as *In re I.L.J.*, 2019-Ohio-5241.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

In Re: I.L.J.                              :

                                           :           No. 108251

A Minor Child                              :

                                           :

[Appeal by T.J., Father]                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; DISMISSED IN PART
**RELEASED AND JOURNALIZED:** December 19, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 11110416 and SU 14704092

---

### *Appearances:*

Robert C. Aldridge, *for appellant.*

Michael B. Telep, *for appellee* S.M.

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, Gabriel R. Rivera, and Steven W. Ritz, Assistant
Prosecuting Attorneys, *for appellees* OCSS.

MARY J. BOYLE, P.J.:

{¶ 1} Appellant, T.J. ("father"), appeals from judgment of the Cuyahoga
County Juvenile Court (1) denying his motion to vacate an administrative child
support order adopted by the trial court on April 14, 2017, (2) denying his motion to

vacate a parenting agreement filed on May 24, 2016, (3) denying his motion to escrow child support payments, and (4) granting appellee, S.M.'s ("mother") motion to show cause and for attorney fees regarding father's failure to pay out-of-pocket medical expenses for the child. Father raises four assignments of error for our review:

> 1. The trial court erred when [it] denied appellant's motion to vacate administrative order without a hearing on the merits.
>
> 2. The trial court erred when it failed to vacate the adopted administrative order pursuant to Civ.R. 60(B).
>
> 3. The trial court erred in finding that appellant was in contempt of court for violating the terms of the adopted administrative order and awarding attorney fees.
>
> 4. The trial court erred in failing to vacate the May 19, 2016 parenting agreement for lack of jurisdiction.

{¶ 2} We find no merit to father's first, second, and fourth assignments of error. We therefore affirm the trial court's judgment with respect to father's Civ.R. 60(B) motions (i.e., his motion to vacate the February 4, 2013 administrative support order and his motion to vacate the parenting agreement). With respect to father's third assignment of error, however, we find there is not a final appealable order. We therefore dismiss father's appeal regarding the trial court's judgment granting mother's show cause motion for lack of final appealable order.

## I. Procedural History and Factual Background

{¶ 3} To say that the procedural history of this case is convoluted would be somewhat of an understatement. What is pertinent to this appeal is what occurred in the juvenile court subsequent to this court's decision in the first appeal in this

case, *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052. Nonetheless, by way of providing background information, we will set forth the facts and procedure from the first appeal.

**A. What Occurred Prior to First Appeal**

{¶ 4} Father and mother were never married, but I.L.J. was born from their relationship in October 2010. In March 2011, the Cuyahoga County Job and Family Services, Office of Child Support Services ("OCSS") determined that father was obligated to pay child support in the amount of $423.60 per month plus a 2 percent processing fee when private health insurance was being provided or $383.53 per month plus a 2 percent processing fee when private health insurance was not being provided as well as $72.42 per month plus a 2 percent processing fee as cash medical support. The child received health insurance through Medicaid, so father was obligated to pay mother $465.07 per month effective March 24, 2011.

{¶ 5} In August 2012, mother filed for administrative modification of the child support. OCSS held hearings on mother's request in November 2012 and January 2013. OCSS modified the support order requiring father to pay more per month toward cash medical support and added daycare expenses. OCCS issued its support modification on February 4, 2013, obligating father to pay mother $631.02 per month plus 2 percent processing fee when private health insurance was being provided or $587.81 per month plus a 2 percent processing fee when private health insurance was not being provided as well as $101.42 per month plus a 2 percent

processing fee for cash medical support. The February 4, 2013 administrative modification was made effective retroactive to November 1, 2012.

{¶ 6} Over a year later, in March 2014, father requested that the juvenile court adopt the February 4, 2013 administrative child support order so that he could request a modification of it. The juvenile court did not do so. Despite this, in August 2014, father filed a motion to vacate the February 4, 2013 administrative support order pursuant to R.C. 3119.961 or Civ.R. 60(B). He contended that during the discovery process in a related custody case, he discovered that mother failed to disclose at the January 28, 2013 hearing that her income had increased and that mother also intentionally withheld information regarding the costs of her private health insurance that was available as coverage for the child. Father also filed a motion for contempt and for attorney fees.

{¶ 7} Mother opposed father's motion to vacate and filed a motion to modify the child support arguing that the income of both parties had changed. She also filed a motion for contempt based on the father's refusal to pay for medical expenses that were not covered by medical insurance.

{¶ 8} The OCSS moved to dismiss the father's amended motion to vacate, arguing that Civ.R. 60(B) could not be used to vacate an administrative order and that R.C. 3119.961, upon which the father was relying as grounds for vacating the administrative order, was only available when a father was disputing paternity.

{¶ 9} The magistrate held a hearing on all matters in February 2015 and issued a decision in August 2015. The magistrate denied the parties' motions for

contempt. The magistrate vacated the February 4, 2013 administrative order and entered a new child support order, effective November 1, 2012, for the father to pay $398.71 per month plus 2 percent fee when health insurance is provided or $444 per month plus 2 percent fee when health insurance is not provided. The magistrate also granted mother's motion to modify support and increased father's child support obligation to $613.59 per month, including 2 percent fee, and ordered that "it would be equitable to start the increase retroactive to February 23, 2015."

{¶ 10} The parties objected to the various orders. The trial court ultimately overruled the parties' objections and, on September 9, 2015, adopted and approved the magistrate's decision in its entirety.

### B. First Appeal

{¶ 11} Mother appealed, raising several arguments. On September 29, 2016, this court sustained two of mother's assigned errors and reversed the juvenile court's judgment vacating the February 4, 2013 administrative order. We held that father incorrectly relied on R.C. 3119.961 in his motion to vacate the February 4, 2013 administrative order because that statute only provides relief when paternity is at issue. We explained that father could have sought relief from the administrative order under R.C. 3118.84, but under this statute, a parent must bring an action in the juvenile court within 30 days of the issuance of the administrative order. Father did not bring an action in the juvenile court until March 31, 2014, beyond the 30-day time limit. He then filed his motion to vacate the administrative order on August 4, 2014, well beyond the 30-day time limit. R.C. 3118.84 states an

administrative support order becomes final and enforceable if neither parent brings an action in the juvenile court within the 30-day period.

{¶ 12} This court further held that the juvenile court erred when it granted father's Civ.R. 60(B) motion because Civ.R. 60(B) "cannot provide an alternative to the procedure outlined in R.C. 3111.84 because [the rule] does not apply to administrative orders." *I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, at ¶ 30, citing *Griffin v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 11AP-1126, 2012-Ohio-3655. We reversed and vacated the juvenile court's judgment.

## C. Custody Case

{¶ 13} After the trial court adopted the magistrate's decision and issued its September 9, 2015 judgment, but before mother appealed that judgment (which was not until March 21, 2016, due to some procedural irregularities), father moved to consolidate the child support case with an ongoing custody case that was on the docket in the juvenile court before a different visiting judge. On December 1, 2015, the trial court granted father's motion to consolidate the "companion cases" and transferred the support case to the same visiting judge who was presiding over the custody case. Despite this, for the most part, the parties continued to file pleadings in the respective cases with the case number associated either with the support case or the custody case and did not file the pleadings in both cases. Further, for the most part, the trial court continued to issue separate judgment entries with respect to each case.

{¶ 14} While the support case was pending on appeal, and despite the consolidation, the juvenile court proceeded with the custody case. The court held a hearing on mother's motion to terminate a shared parenting order in May 2016 (mother filed her motion to terminate the shared parenting agreement in September 2015). The parties ultimately entered into a parenting agreement where mother became the sole custodial and residential parent on May 18, 2016, which became an order of the court on May 19, 2016.

### D. What Occurred Subsequent to This Court's Remand

{¶ 15} The parties filed various motions upon remand. We will only discuss the ones that they did not voluntarily withdraw and are relevant to this appeal.

{¶ 16} On January 30, 2017, father filed a motion to adopt the February 4, 2013 administrative order as well as a motion to vacate that same order pursuant to Civ.R. 60(B).

{¶ 17} On May 1, 2017, the juvenile court adopted the two administrative supports orders effective November 1, 2012, and February 4, 2013. The court found that the February 4, 2013 order was the "current child support order."

{¶ 18} In July 2017, the court vacated its September 8, 2015 judgment in its entirety due to this court's decision in *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052.

{¶ 19} On August 22, 2017, the matter was transferred to a visiting judge.

{¶ 20} In October 2017, father filed a motion to vacate a May 19, 2016 parenting order pursuant to Civ.R. 60(B).

{¶ 21} In November 2017, mother filed a motion to show cause and for attorney fees and moved to strike father's motion to vacate the parenting order.

{¶ 22} In August 2018, mother moved to modify the February 4, 2013 administrative order adopted by the court on April 14, 2017, asserting that there had been a substantial change of circumstances that required a modification under R.C. 3119.79.

{¶ 23} The visiting judge held a hearing on September 10, 2018, on all motions except mother's August 2018 motion to modify child support. The court issued its judgment on February 5, 2019. The court found that father elected to proceed on his motion to vacate the administrative support order pursuant to Civ.R. 60(B). The court found that father could not prevail on Civ.R. 60(B)(1), (2), or (3) because the one-year time limit had passed. The court further found that the order he was attempting to vacate was issued over four years ago and that was not a reasonable amount of time under Civ.R. 60(B)(4) or (5).

{¶ 24} The court further denied father's motion to vacate the parenting order journalized in May 2016. The court found that father's first reason, that he was prohibited from presenting evidence regarding child support at the hearing on custody because the child support matter was in the court of appeals, was without merit. The court explained that even if the child support matter would not have been in the court of appeals, father could not have presented evidence of child support because under R.C. 3109.04(F)(1)(g), the best interest factors, a court can only consider whether the obligor is complying with the child support order. Based upon

this, the court concluded that only mother, the obligee, would have been able to raise the issue of child support as part of the best interest factors.

{¶ 25} The trial court then found that father's second reason to vacate the parenting order — that he was forced to enter into the agreement — was not supported by the evidence. The court found that the evidence showed that mother and father drafted the agreement themselves, that father actively participated, and that father's initials and signature appear four times in the document.

{¶ 26} The court explained that mother proceeded on two of her motions, including her motion to show cause for father's failure to pay his share of the medical bills and her motion for attorney fees. Based upon evidence presented by mother, the court found that father owed mother $398.07 for his share of the unpaid medical expenses. The court also awarded mother $525 in attorney fees for the amount her attorney charged her for filing this motion and for the filing fees.

{¶ 27} It is from this judgment that father now appeals.

## II. February 4, 2013 Administrative Order

{¶ 28} In his first and second assignments of error, father contends that the trial court erred when it denied his Civ.R. 60(B) motion to vacate the February 4, 2013 administrative order without a full evidentiary hearing on the merits of his motion. He further argues that the trial court erred when it denied his Civ.R. 60(B) motion because he "clearly met the requirements of *GTE Automatic* [*Electric Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976)]." We

will address father's first and second assignments of error together because they are interrelated.

{¶ 29} Father admits that his current motion to vacate the February 4, 2013 administrative support order, which he filed on January 30, 2017, "was the refiling of a prior motion [that] raised the same issues" as his original motion, which he filed on August 4, 2014. Father contends that the juvenile court decided the merits of the issues in his motion in his favor after an evidentiary hearing (when the juvenile court vacated the February 4, 2013 administrative order on September 8, 2015) but then this court reversed the juvenile court on jurisdictional grounds because the juvenile court had never adopted the administrative order, a requirement for jurisdiction. Father now contends that because the juvenile court finally adopted the February 4, 2013 administrative order on May 1, 2017, removing the jurisdictional impediment, the juvenile court's September 8, 2015 decision vacating the administrative order should be the law of the case.

{¶ 30} Pursuant to R.C. 3111.84, the father of a child who is the subject of an administrative support order may object to the order by bringing an action in the juvenile court under R.C. 2151.231. An action under R.C. 3111.84, however, must be filed no later than 30 days after the date the administrative support order is issued.[1] If neither parent brings an action within that 30-day period, the administrative

---

[1] R.C. 3111.84 has been amended by Am.Sub.S.B. No. 70, which became effective February 11, 2019. It now provides that if a parent wishes to object to an administrative support order, the parent must bring an action in the juvenile court within 14 days of the issuance of the order.

support order is final and enforceable by a court and may be modified only as provided in R.C. Chapters 3119, 3121, and 3123. *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, at ¶ 28-29, citing R.C. 3111.84.

{¶ 31} Father is attempting to vacate a February 4, 2013 administrative support order. To do so, however, father needed to file an action in the juvenile court within 30 days of that order. He failed to do so. Although the juvenile court adopted the administrative order subsequent to our remand, that does not change the fact that father did not timely object to the February 4, 2013 administrative order. Father cannot use Civ.R. 60(B) to circumvent the rule set forth in R.C. 3111.84.

{¶ 32} Even if we were to get to the merits of father's Civ.R. 60(B) motion, he would lose. Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 33} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),

(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus.

A failure to establish any one of the foregoing circumstances is ordinarily fatal to a

Civ.R. 60(B) motion. *See Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520

N.E.2d 564 (1988) (the trial court should overrule a Civ.R. 60(B) motion if the

movant fails to meet any one of the foregoing three requirements); *GTE Automatic*

at 151 (the three requirements are "conjunctive").

{¶ 34} The trial court is vested with discretion in determining whether to

grant a motion for relief from judgment under Civ.R. 60(B), and the court's ruling

will not be disturbed on appeal absent an abuse of discretion. *Rose Chevrolet* at 20.

To find that a trial court abused that discretion, "the result must be so palpably and

grossly violative of fact or logic that it evidences not the exercise of will but the

perversity of will, not the exercise of judgment but the defiance of judgment, not the

exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75

Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶ 35} In his January 30, 2017 motion to vacate, father does not set forth

which subsection of Civ.R. 60(B) upon which he based his motion. In his brief in

support of his motion to vacate, which he did not file until nearly five months later

in June 2017, he asserts that mother failed to disclose "material information relevant

to the calculation of child support under Civ.R. 60(B)(1), (2), or (3), although the

specific misrepresent[ation] [of] financial and medical insurance information falls

most specifically under subsection (3)." He next states that because mother misrepresented her financial information and medical insurance, "it is no longer equitable that the judgment should have prospective application under Civ.R. 60(B)(4)." Finally, he contends that he is also entitled to relief under Civ.R.60 (B)(5) due to the fact that he did not discover the "fraud until after the one year had passed."

{¶ 36} Father states that the basis of his Civ.R 60(B) motion is mother's misrepresentation of her financial information and medical insurance, which falls squarely under Civ.R. 60(B)(3) — "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." He specifically argues that at the administrative hearing in January 2013, mother failed to report her "then-current income" and withheld information "regarding her private health insurance availability." Under *GTE Automatic*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus, however, motions to vacate based upon fraud must be brought within one year of the judgment.

{¶ 37} Civ.R. 60(B)(5) is a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154, 518 N.E.2d 1208 (1988), citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983). However, the grounds for invoking Civ.R. 60(B)(5) must be substantial, and the provision is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Caruso-Ciresi* at paragraphs one and two of the syllabus. In other words, if a motion

for relief from judgment under Civ.R. 60(B)(3) is not filed within one year of the discovery of the fraud, the movant cannot file the motion for relief from judgment under the "reasonable time" parameters of Civ.R. 60(B)(5). *See Cerney v. Norfolk & W. Ry. Co.*, 104 Ohio App.3d 482, 491, 662 N.E.2d 827 (8th Dist.1995). Father did not file his motion for relief from judgment within one year of allegedly discovering the fraud because he made the same allegation in his first motion filed in August 2014.

{¶ 38} The question of whether to hold an evidentiary hearing on a Civ.R. 60(B) motion is addressed to the sound discretion of the trial court. S*chneider v. Gunnerman*, 12th Dist. Fayette Nos. CA98-11-019 and CA99-03-009, 1999 Ohio App. LEXIS 3784, 3 (Aug. 16, 1999). The Ohio Supreme Court has held it is an abuse of discretion for the trial court to deny a hearing "where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996) (also stating "[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion[.]"). Here, however, father did not present sufficient operative facts to warrant a hearing. Accordingly, we find no abuse of discretion on the part of the trial court for denying father's motion without an evidentiary hearing.

{¶ 39} Father's first and second assignments of error are overruled.

### III. Mother's Motion To Show Cause and For Attorney Fees

{¶ 40} In father's third assignment of error, he contends that the trial court erred when it granted mother's motion to show cause for father's failure to pay his share of out-of-pocket medical expenses and for attorney fees.

{¶ 41} The parties' February 4, 2014 child support order included a cash medical support order requiring father to pay 57 percent of out-of-pocket medical costs that insurance did not cover. Mother asserted that she was explicitly asking for 57 percent of medical bills incurred for ten doctor visits. Mother attached the medical bills in question to her motion.

{¶ 42} The trial court found that the bills totaled $811.28 but that two of them were incurred during a time when father was not required to reimburse mother. Thus, the court found that the medical bills totaled $673.64 of which father was required to pay 57 percent of that amount, equaling $398.07. Mother testified that when she asked father for his portion of these costs, father would tell her that she should pay the bills with the child support that he paid her. The trial court questioned father about these bills. It directly asked him, "Have you ever reimbursed mother for 57%?" Father responded, "No."

{¶ 43} In its February 5, 2019 judgment, the trial court granted mother's motion and ordered father to pay $398.07 on or before February 28, 2019.

{¶ 44} The trial court further considered mother's request for attorney fees that she incurred in processing the motion to show cause. Mother testified that she paid a $25 filing fee for the motion and that her attorney billed her for five hours at

a rate of $100 per hour for consultation before the filing of the motion and the actual trial of the motion. The court found that number of hours expended and the hourly rate to be fair and reasonable. The court granted mother's motion in its February 5, 2019 judgment and ordered father to pay $525 on or before March 29, 2019.

{¶ 45} At the outset, we must determine whether the trial court's judgment regarding its finding of contempt amounted to a final appealable order. This court instructed the parties to show cause as to whether there was a final appealable order in this case regarding the contempt portion of the judgment. After review, we agree with mother that the trial court's judgment regarding contempt and attorney fees is not a final appealable order.

{¶ 46} Contempt consists of two elements: (1) a finding of contempt of court and (2) imposition of a penalty or sanction. "Until both a finding of contempt is made and a penalty imposed by the court, there is not a final order." *Chain Bike Corp. v. Spoke 'N Wheel, Inc.*, 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979). In *Chain Bike*, the trial court found the defendant to be in contempt of court, but it never imposed a penalty. This court held that we did not have jurisdiction over the matter due to lack of final appealable order. *Id.*

{¶ 47} In the present case, the trial court granted mother's motion to show cause and ordered father to pay $398.07, but it did not make a finding of contempt or impose a penalty or sanction for the contempt. Accordingly, we do not have a

final appealable order in this case only with respect to mother's motion to show cause.

{¶ 48} The trial court also did not include a purge order. "Violations which are primarily offenses against the party for whose benefit the order was made, and where the primary purpose of the punishment is remedial or coercive and for the benefit of the complainant, are civil contempts, and the sanction must afford the contemnor the opportunity to purge himself of his contempt." *Tucker v. Tucker*, 10 Ohio App.3d 251, 252, 461 N.E.2d 1337 (10th Dist.1983), citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980), and *State v. Kilbane*, 61 Ohio St.2d 201, 400 N.E.2d 386 (1980). There is no question in this case that father's contempt was civil in nature. Thus, the trial court should have given father the opportunity to purge his contempt to avoid a penalty, but the trial court did not impose a penalty either in this case so there was no way for father to purge his contempt.

{¶ 49} The OCSS claims that the trial court's judgment ordering father to pay his portion of the medical bills was the punishment for the contempt. However, father was already required to pay the medical bills. Thus, paying the medical bills cannot be punishment for not paying the medical bills.

{¶ 50} We further note that the trial court's award of attorney fees related to the motion was not a penalty or sanction for the contempt. *Patterson v. Patterson*, 5th Dist. Stark No. 2002CA00167, 2003-Ohio-517, ¶ 14. R.C. 3109.05(C) provides that if a court finds a person in contempt of court for failure to make support

payments under a child support order, "the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party[.]" R.C. 3109.05(C). Moreover, if a party purges the contempt, it does not mean that the party no longer has to pay the opposing parties' attorney fees.

{¶ 51} Accordingly, we find that the trial court's judgment granting mother's show cause motion and ordering father to pay attorney fees was not a finding of contempt and penalty that father could purge. We therefore do not have a final appealable order regarding the trial court's judgment on contempt. We note that this does not affect the remaining judgment or assignments of error. The trial court held a joint hearing on several motions, each of which provided a separate appealable order. "Final orders are those that dispose of the whole case or some separate and distinct subdivision of it while leaving nothing for future determination." *Carpenter v. Carpenter*, 12th Dist. Butler No. CA2013-05-083, 2013-Ohio-4980, ¶ 8, citing *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15.

{¶ 52} Thus, father's appeal of the trial court's judgment with respect to contempt is dismissed for lack of final appealable order.

**IV. Parenting Order**

{¶ 53} In his fourth assignment of error, father maintains that the trial court erred when it failed to grant his motion to vacate the May 19, 2016 parenting order.

**{¶ 54}** Father moved to vacate the parenting order in October 2017. Father based his motion to vacate the parenting order on Civ.R. 60(B)(4) and (5). Father argued in his motion that the juvenile court erred when it held a trial on the parenting action in May 2016 because the child support matter was pending on appeal at that time. As we previously set forth, the child support and parenting actions began as separate cases. They were consolidated in October 2015. At that time, the trial court had already held a hearing on all child support issues and had issued its judgment regarding those matters in September 2015. Mother appealed the trial court's September 2015 judgment in the child support case in March 2016 (she did not file the appeal within 30 days due to procedural mishaps, which are not relevant here but that we fully explained in the first appeal). While mother's appeal regarding child support was pending, the juvenile court (visiting judge) held a hearing in May 2016 on mother's motion to terminate the shared parenting agreement, which resulted in the parties entering into a new parenting agreement with mother named as the sole residential parent.

**{¶ 55}** Father argued in his Civ.R. 60(B) motion to vacate the parenting order that because a trial proceeded on the parenting matter while the support matter was pending, it "prevented all factors from being presented at the time of trial in the determination of custody" of the child. Father stated in his motion that "[t]his identifies the clear error and thus warrants justifiable cause to vacate such order."

{¶ 56} After a hearing on the matter, the juvenile court found that father's arguments were misplaced. The juvenile court determined that father's first argument that the judge presiding over the custody matter erred when it prevented him from bringing up child support matters was without merit because child support is only relevant to custody matters under R.C. 3109.04(F)(1)(g), which sets forth the best interest factors. But the juvenile court found that this provision would have only helped mother, not father, because it states, "Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor[.]" Therefore, the juvenile court found that father's first argument to vacate the parenting order "must fail."

{¶ 57} The juvenile court then considered father's second argument to vacate the parenting order, which was that he was forced to enter into the parenting agreement. The juvenile court noted that father testified that the previous juvenile court judge "practically told [him] that if [he] didn't come to an agreement with [mother], he would issue just the standard order, the standard shared parenting time and * * * would remove my parental rights, my decision-making authority." Mother's recollection was different. Mother stated that the judge presiding over the custody matter in May 2016 told them that they could "put together an order that's going to be ten times better than anything I can put together for you." Mother further stated that the previous judge told her and father that "we can continue this

for the next however many days you want to continue it and I'll make a decision, but I guarantee you it won't be better than the one you can make for yourselves."

{¶ 58} The juvenile court further noted that mother and father, not the court or the guardian ad litem, prepared the parenting agreement in May 2016, and that father signed the agreement and initialed three pages of it. Mother testified as to how she and father drafted the agreement together using the court's standard parenting agreement but then they modified it to fit their agreement.

{¶ 59} The juvenile court found that based upon the testimony presented, father's active participation in the drafting of the agreement, and the number of times father signed and initialed the agreement, he was not forced to enter into the agreement.

{¶ 60} On appeal, father does not challenge the juvenile court's findings with respect to his motion to vacate the parenting order. Rather, father now contends for the first time that because the custody and support cases had been consolidated and the support case was pending on appeal at the time of the parenting hearing, the juvenile court lacked subject matter jurisdiction over the custody case at that time.[2] Because a party or court can raise the issue of subject matter jurisdiction at any time, we will address father's argument.

{¶ 61} Typically, "once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction

---

[2] Father asserts that he raised the issue of subject matter jurisdiction in his motion to vacate, but he did not.

to reverse, modify, or affirm the judgment." *State ex rel. Rock v. Sch. Emples. Ret. Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8, citing *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 637 N.E.2d 890 (1994). However, the trial court can act on issues that are not inconsistent with the reviewing power of the appellate court. *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 722 N.E.2d 73 (2000).

{¶ 62} In *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, this court decided several matters all relating to child support. The trial court did not consolidate the cases until after it issued a judgment adopting the magistrate's decision regarding all child and medical support issues. This judgment was a final appealable order, which mother appealed. This court addressed the child support matters in *In re I.L.J.*

{¶ 63} The parties' custody disputes had been ongoing practically as long as their arguments relating to child support. We agree with the juvenile court judge who presided over the custody matter in May 2016 that it could decide custody while the support issues were pending on appeal because the juvenile court's decision on custody did not affect our ability to reverse, modify, or affirm the judgment regarding the child support matters. Therefore, the juvenile court had subject matter jurisdiction to decide the custody matter in May 2016 while the child support appeal was pending.

{¶ 64} Accordingly, father's fourth assignment of error is overruled.

**{¶ 65}** Judgment affirmed with respect to father's Civ.R. 60(B) motions. Father's appeal of the trial court's judgment granting mother's show cause motion is dismissed for lack of final appealable order.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR