[Cite as *In re I.L.J.*, 2024-Ohio-454.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE I.L.J.               :

                             :

A Minor Child           :        No. 112946

                             :

[Appeal by T.L.J., Father]   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 8, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU11110416 and SU14704092

---

*Appearances:*

      T.L.J., *pro se.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} T.L.J. ("Father"), the father of I.L.J. ("the child") appeals the juvenile court's decision granting the guardian ad litem ("GAL") fees. After a thorough review of the relevant facts and law, this court reverses and remands for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} On May 19, 2016, the juvenile court adopted an allocation of parental rights and responsibilities agreement ("the agreement") that pertinently granted sole custody of the child to Mother. As this court aptly observed in Father's most

recent appeal, "[t]he long and tortured history of this case has been chronicled by this court in two prior appeals." *In re I.L.J.*, 8th Dist. Cuyahoga No. 109564, 2020-Ohio-5434, ¶ 2. These facts may be found in *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, and *In re I.L.J.*, 8th Dist. Cuyahoga No. 108251, 2019-Ohio-5241.

{¶ 3} The instant appeal emanates from a series of filings, first initiated by Mother in November 2021, where Mother returned to the court and asked for modification of the agreement, for reappointment of a GAL for child, and to bypass mediation. Mother's filings were motivated by disagreements between Mother and Father regarding out-of-state travel, the child's schoolwork, and extracurricular activities. Mother asked that the court refrain from referring this matter to mediation, noting that "[g]iven the Father's intractable positions in the past, and the fact that, through counsel, he has unsuccessfully appealed three child support matters since 2016, it would serve no purpose, and would merely delay the proceedings[.]"

{¶ 4} Mother also filed a motion for a restraining order, asking the court to restrain Father from removing the child from school for at least six days to compete in an extracurricular sports tournament in Florida. Father timely responded to Mother's motion for a restraining order, arguing that his intentions did not violate the agreement because the agreement "provides significant right[s] to Father as the non-custodial parent. Notably, Mother does not have sole decision-making authority and such decisions are governed by the terms of the [agreement]."

{¶ 5} While those motions were pending, another incident prompted yet another series of filings. In January 2022, Mother filed a show cause order, alleging that Father violated the terms of the agreement when he refused to release the child to the Mother during the week of Christmas. Father answered with his own show cause order, alleging that Mother had violated the agreement on several occasions and detailed that "Mother has failed to reimburse Father half of the costs associated for the activities their child expressed interest and participated in even though Father provided timely receipts"; "Mother has violated this Court's order * * * by failing to be prompt when Father attempted to exercise his right to additional companionship time with their child on non-major holidays"; and "Mother has further violated this Court's order * * * for failing to consult with Father prior to authorizing their child to receive [a vaccine]."

{¶ 6} In February 2022, Father responded to Mother's motion for modification of the agreement with a motion to dismiss Mother's motion. Father's response revealed that Father had taken the child to Florida for the tournament, made appropriate arrangements with the child's teachers and principal, and argued that he was in total compliance with the agreement because "each parent is entitled to two weeks of uninterrupted vacation twice a year. There are no restrictions on when this vacation time can be exercised. There are also specifics about proper notice and what information needs to be provided, all of which had been complied with."

{¶ 7} Shortly thereafter, the court overruled Father's motion to dismiss. The court appointed Pamela A. Hawkins as the GAL for the child and ordered Mother to deposit $1,000 for the GAL fees by April 14, 2022.

{¶ 8} In July 2022, Father moved the court to modify the agreement and asked that the court bypass mediation. Father's motion alleged that Mother continuously violated the agreement and that Mother abused her role as the sole custodial parent. Because Father had now also moved to modify the agreement, the trial court entered a new order governing payment of the GAL fees on July 14, 2022. The order stated:

> A prior order allowed appointment of a [GAL] at Mother's expense. Due to Father's filing of a Motion to Modify Custody, the Court shall modify its [GAL] payment order.

> Mother shall pay for all [GAL] fees until July 13, 2022. Father and Mother will each pay one-half of [GAL] fees from July 14, 2022, forward.

{¶ 9} On August 23, 2022, the trial court held a hearing to address all of the outstanding motions. Ultimately, the court made some technical adjustments to the agreement that are of no consequence to this appeal.

{¶ 10} On May 30, 2023, the GAL filed a motion requesting her fees and the release of the GAL bond and attached an itemized statement of services. Three days later, on June 2, 2023, the trial court granted the motion.

{¶ 11} Father appealed, assigning a single assignment of error for our review:

> The trial court abused its discretion and erred when it ruled on [the] motion for GAL [f]ees without an opportunity to respond or request a hearing pursuant to Civ.R. 6(C)(1) and Loc.R. 15(D)(5).

## II. Law and Analysis

{¶ 12} On May 30, 2023, the GAL filed a motion requesting her fees and the release of the GAL bond and attached an itemized statement of services. On June 2, 2023, only three days later, the trial court granted the motion.

{¶ 13} We review a juvenile court's order regarding compensation to a GAL for abuse of discretion. *In re I.A.G.*, 8th Dist. Cuyahoga No. 103656, 2016-Ohio-3326, ¶ 22; *Robbins v. Ginese*, 93 Ohio App.3d 370, 372, 638 N.E.2d 627 (8th Dist.1994); *Beatley v. Beatley*, 5th Dist. Delaware No. 03CAF02010, 2003-Ohio-4375, ¶ 7; *Longo v. Longo*, 11th Dist. Geauga No. 2013-G-3175, 2014-Ohio-4880, ¶ 18. A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 14} Cuyahoga C.P. Loc.Juv.R. 15(D)(5) provides that "[u]nless a Hearing is requested by a party or the Court within fourteen days after a Motion for Guardian ad Litem Fees is filed, the Court may rule on the Motion without a Hearing."

{¶ 15} In the instant matter, the court prematurely ruled on the GAL's motion for fees without allowing the parties fourteen days to request a hearing. Per the court's own rules, it was an abuse of discretion for the court to rule on the motion without a hearing before the fourteen days elapsed.

{¶ 16} Father's sole assignment of error is sustained.

## III. Conclusion

{¶ 17} Judgment reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR