[Cite as *In re I.L.J.*, 2025-Ohio-376.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE I.L.J.                                        :

                                                    :           No. 114079

A Minor Child                                       :

[Appeal by T.L.J., Father]                          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU11110416 and SU14704092

---

### *Appearances:*

T.L.J., *pro se.*

DEENA R. CALABRESE, J.:

{¶ 1} T.L.J. ("Father"), the father of I.L.J. ("the child"), appeals the juvenile court's decision granting the guardian ad litem's ("GAL") fees and declining to award costs. We find no abuse of discretion in the juvenile court's award of GAL fees and in declining to award costs, and we affirm the juvenile court's decision.

### I. Factual and Procedural History

{¶ 2} This case has been before this court on four prior occasions. *In re I.L.J.*, 2020-Ohio-5434 (8th Dist.); *In re I.L.J.*, 2016-Ohio-7052 (8th Dist.); *In re I.L.J.*,

2019-Ohio-5241 (8th Dist.); and most recently *In re I.L.J.*, 2024-Ohio-454 (8th Dist.).

{¶ 3} The following facts are pertinent to the instant appeal: Father previously appealed, and we sustained a single assignment of error holding that the juvenile court abused its discretion and erred when it ruled on the motion for the GAL fees without giving the parties an opportunity to respond or request a hearing pursuant to Civ.R. 6(C)(1) and Cuyahoga C.P., Juv.Div., Loc.R. 15(D)(5). *In re I.L.J.*, 2024-Ohio-454 (8th Dist.). We remanded so that Father could request a hearing on the GAL's fees, and we awarded costs to Father, specifically stating, "It is ordered that appellant recover from appellee costs herein taxed." *Id.* at ¶ 17.

{¶ 4} On remand, the juvenile court held an evidentiary hearing on Father's objection to the GAL's fees on May 14, 2024. During the evidentiary hearing, the juvenile court did not allow Father's attorney to elicit testimony regarding appellate court costs. Father's attorney stated this line of questioning went to a shifting of the GAL fees as costs, suggesting that Father believed this court's award of appellate court costs somehow shifted payment of Father's portion of the GAL fees to Mother. Father also stated that because the GAL did not file her report prior to the hearing, she was not entitled to any payment for her work in completing that report. (Tr. 34-35.)

{¶ 5} The GAL testified at the hearing that her fees and bills were reasonable and gave explanations of charged time. She admitted that she did not provide monthly billings as required by law and that she did not provide her report prior to

the hearing, but noted that her assistant quit and she "had to do everything" herself. (Tr. 11.)  She further testified she had difficulties with her computer.  (Tr. 18.)  The GAL stated she spent two hours preparing for and attending the hearing on her motion for fees and her standard rate is $150 per hour.

{¶ 6} On May 16, 2024, the juvenile court ordered Father and Mother to pay the GAL fees, finding that "the GAL fees were necessary and reasonable.  That Father was not specific as to errors in time reported."  The court also ordered Father to pay the GAL an additional $300 for her time preparing for and attending the evidentiary hearing.

{¶ 7} The instant appeal stems from this order.

## II. Law and Analysis

{¶ 8} Father raises the following assignments of error for review:

1. The trial court abused its discretion and erred when it did not execute [t]his Court's order for appellant to recover costs from appellee.

2. The trial court abused its discretion and erred when it awarded GAL fees when the responsibilities to obtain such was not met in compliance with Juv. Loc.R. 15(D)(4).

## A. Costs

{¶ 9} We first address Father's assignment of error that the juvenile court abused its discretion by not awarding him costs as previously directed by this court. He asserts that the trial court ignored this court's directive and argues that our prior decision shifted costs related to the GAL fees and the trial court erred when Father was prevented from introducing evidence of this at the hearing.

{¶ 10} Generally, a court has no discretion to disregard the mandate of a superior court. *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984) ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."). In such cases, an appeal or a writ are available remedies to force compliance. *State ex rel. Gallagher v. Collier-Williams*, 2022-Ohio-1177, ¶ 13 (8th Dist.).

{¶ 11} These principles are embodied in the law-of-the-case doctrine. "'The doctrine provides that the decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Hopkins v. Dyer*, 2004-Ohio-6769, ¶ 15, quoting *Nolan* at 3. This doctrine applies only to issues that were previously determined, however. *Giancola v. Azem*, 2018-Ohio-1694, ¶ 16, citing *Quern v. Jordan*, 440 U.S. 332, 347, fn. 18 (1979).

{¶ 12} App.R. 24 governs the allocation of costs of an appeal and states, "[T]he party liable for costs is as follows: . . . (3) (i)f the judgment appealed is reversed, the appellee." The rule also limits costs exclusively to "an expense incurred in preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal." App.R. 24(B). The rule does not allow for any other costs.

{¶ 13} Further, the court of appeals "'has exclusive jurisdiction under App.R. 24 to assess the costs on appeal.'" *Munroe v. Munroe*, 119 Ohio App.3d 530,

545 (8th Dist. 1997), quoting *Crest v. Mgt. Inc. v. McGrath*, 1994 Ohio App. LEXIS 2997, *8 (9th Dist. July 6, 1994). *Accord Palazzo v. Palazzo*, 2016-Ohio-3041 (9th Dist.) (recognizing that "a trial court erred when it orders that a party pay the costs of appeal after the matter is remanded" but ultimately finding no prejudicial error in the case because the order was consistent with the appellate court's award of costs).

{¶ 14} Father argues that we ordered the GAL fees and appellate court costs to be paid by Mother. However, the previous decision never shifted the payment of Father's portion of the GAL fees from Father to Mother; it only allocated costs of that appeal as defined by App.R. 24. The GAL fees do not fit the parameters of items that are considered costs under the rule and thus cannot be taxed as costs in an appeal. In addition, the juvenile court was without jurisdiction to determine costs associated with the appeal.

{¶ 15} We find that the juvenile court did not abuse its discretion when it declined to award appellate court costs to Father or to tax the GAL fees as costs. Therefore, the first assignment of error is overruled.

## B. Cuyahoga County Juvenile Rule 15

{¶ 16} We next turn our attention to Father's second assignment of error, arguing that the juvenile court abused its discretion by awarding the GAL fees despite the GAL's failure to provide monthly billings pursuant to Cuyahoga C.P., Juv.Div., Loc.R. 15(D)(4). Father also objects to the award of an additional $300 to the GAL, to be paid by Father, and disputes the accuracy of her timekeeping.

**{¶ 17}** We review a juvenile court's order regarding compensation to a GAL for an abuse of discretion. *In re I.A.G.*, 2016-Ohio-3326, ¶ 22 (8th Dist.); *Robbins v. Ginese*, 93 Ohio App.3d 370, 372 (8th Dist. 1994); *Beatley v. Beatley*, 2003-Ohio-4375, ¶ 7 (5th Dist.); *Longo v. Longo*, 2014-Ohio-4880, ¶ 18 (11th Dist.). A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In other words, a court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 18}** GAL fees are governed in part by the Ohio Rules of Superintendence and Cuyahoga C.P., Juv.Div., Loc.R. 15. Subsection D of Loc.R. 15 provides,

> (4) The Guardian ad Litem shall maintain accurate time and expense records and shall provide monthly billings to the parties during the pendency of the case.
>
> (5) Unless a Hearing is requested by a party or the Court within fourteen days after a Motion for Guardian ad Litem Fees is filed, the Court may rule on the Motion without a Hearing. If a timely request for Hearing is filed or upon the Court's request, a Hearing shall be set on the Motion. *When deciding the Motion,* either with a Hearing or without a Hearing*, the Court shall determine: 1) the amount of time the Guardian ad Litem has expended to represent the best interests of the child; 2) whether the time and services rendered were reasonable and necessary in the Guardian ad Litem's representation of the best interests of the child; 3) whether the Guardian ad Litem's hourly rate is commensurate with customary fees in this locality; and 4) the amount each party shall contribute toward the Guardian ad Litem's fees.*

(Emphasis added.)

{¶ 19} At the hearing, the GAL presented an itemized fee bill that the juvenile court found was reasonable and only included necessary hours worked on the case. The GAL was questioned on her recordkeeping, the lack of monthly billings, the timing of the filing of the motion for fees, and clarification for specific items that were billed. Father expressed that the GAL should not receive any payment because her report was not filed by the deadline given by the court. He did not, however, dispute the amount of time the GAL expended to represent the best interests of the child, whether the time and services rendered were reasonable or necessary, whether the GAL's hourly rate was commensurate with customary fees in this locality, or the amount each party should contribute.

{¶ 20} There is no evidence in the record indicating the juvenile court's granting of the GAL fees was unreasonable, arbitrary, or unconscionable. The juvenile court did not abuse its discretion in granting the GAL's motion for fees.

### III. Conclusion

{¶ 21} The juvenile court did not abuse its discretion when finding that the GAL fees were necessary and reasonable and ordering Father to pay his portion of those fees, or in declining to award the GAL fees and appellate court costs to Father. We also find no abuse of discretion in the award of the additional $300 to the GAL for the time spent preparing for and attending the fees hearing. Therefore, the judgment of the juvenile court is affirmed.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR